IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS SCULLY, Individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>PREMIER DIRECTIONAL DRILLING L.P., *et al.*,<br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-15-0099 |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion to Dismiss [Doc. # 15] filed by Defendant Premier Directional Drilling, L.P. ("Premier"), to which Douglas Langston filed an Opposition [Doc. # 21], and Premier filed a Reply [Doc. # 23]. Having reviewed the full record and applicable legal authorities, the Court grants the Motion to Dismiss and dismisses this case without prejudice to Douglas Langston filing a separate FLSA lawsuit.

### **I.    BACKGROUND**

Dennis Scully, who worked for Premier from March 17, 2014 to March 22, 2014, filed this FLSA lawsuit on January 13, 2015. Scully alleged that Premier failed to pay its employees overtime wages for hours they worked each week in excess of forty.

On February 11, 2015, Premier filed a Motion to Dismiss [Doc. # 6]. In that Motion, Defendant asserted that Scully sent a text message to Premier's President, Michael Kennedy, on February 3, 2015, stating "I told him [Scully's attorney] in no uncertain terms to drop it." *See* Text Message, Exh. A to Declaration of Michael Kennedy [Doc. # 6-2]. Scully stated further in the text message that "I told him I clearly stated I never wanted to sue you [Premier]." *See id.* As of February 3, 2015, there were no opt-in plaintiffs.

On February 18, 2015, a First Amended Collective Action Complaint ("Amended Complaint") [Doc. # 9] was filed naming Douglas Langston as Plaintiff instead of Dennis Scully.[1] That same day, Langston's counsel filed a Motion to Dismiss [Doc. # 12] Scully's claims, stating that "Scully terminated the attorney client relationship between himself and FLCBJ." Counsel docketed the Motion to Dismiss as a Stipulation of Dismissal with a proposed Order. The Court, seeing that the Motion to Dismiss was characterized as a Stipulation of Dismissal, granted the Motion by signing Langston's attorney's proposed order [Doc. # 13].

Premier then filed its Motion to Dismiss [Doc. # 15], seeking dismissal of the Amended Complaint for lack of jurisdiction. Premier argues that the lawsuit became moot and this Court lost jurisdiction when Scully, the only plaintiff in the lawsuit at

---

[1] Neither Langston nor anyone else had previously opted into the Scully lawsuit.

the time, withdrew from the lawsuit by advising his attorneys that he did not want to pursue his FLSA claim against Premier. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.     STANDARD FOR DISMISSAL UNDER RULE 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009).

Federal courts are courts of limited jurisdiction. *See Scarlott v. Nissan North Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). One limitation is that they may only adjudicate "cases" or "controversies." *See* U.S. CONST. art. III, § 2; *see also Allen v. Wright*, 468 U.S. 737, 750 (1984); *Flores v. ACT Event Servs., Inc.*, 2015 WL 567960, *3 (N.D. Tex. Feb. 11, 2015). A "case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Flores*, 2015 WL 567960 at *3 (quoting *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008)). "[A]

case will become moot where there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation." *Envtl. Conservation Org v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). Indeed, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org*, 529 F.3d at 525; *Hancock County Bd. of Supervisors v. Ruhr*, 568 F. App'x 295, 299 (5th Cir. May 16, 2014). It does not matter whether the dispute "was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

## III. ANALYSIS

No employee is a party to a FLSA lawsuit unless and until he consents in writing to become a party and the consent if filed with the court. *See* 29 U.S.C. § 216(b). When Scully, the only party plaintiff in this case, withdrew his consent to pursue his claim, there was no longer a "case or controversy" because there was no plaintiff. *See Smith v. ERJ Dining, LLC*, 2013 WL 1286674, *5 (N.D. Ill. Mar. 28, 2013); *see also Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010) (no "case or controversy" where there is no plaintiff to assert a justiciable claim); *Bank*

*v. Spark Energy Holdings LLC*, 2013 WL 5724507, *2 (S.D. Tex. Oct. 18, 2013) (same). "Without a live controversy as to the sole federal claim between the parties to the action, the Court was left with a jurisdictional void that requires dismissal of the case." *Smith*, 2013 WL 1286674 at *5.

In this case, counsel filed an Amended Complaint attempting to remedy the "jurisdictional void" by substituting Douglas Langston as the named plaintiff. The attempted substitution of Langston, however, was well after Scully abandoned any claim in this case no later than February 3, 2015. The plaintiff in an FLSA case filed as a collective action represents only himself until similarly situated employees formally opt in. *See Sandoz*, 553 F.3d at 919; *Smith*, 2013 WL 1286674 at *6. At the time Scully abandoned his FLSA claim against Premier, neither Langston nor any other Premier employee had become a party by opting into the lawsuit.

Langston cites three FLSA cases to support the position that his purported substitution as named plaintiff instead of Scully allows this lawsuit to continue in its present form: *Snodgrass v. Bob Evans Farms, LLC*, 2013 WL 6388558 (S.D. Ohio Dec. 5, 2013); *Carter v. Countrywide Credit Industries, Inc.*, 189 F. Supp. 2d 606 (N.D. Tex. 2002); and *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278 (E.D.N.Y. Mar. 25, 2013). In each of these cases, however, two or more plaintiffs had already opted into the lawsuit at the time the original plaintiff(s) could no longer proceed as

representative plaintiff(s). Indeed, in *Morangelli*, the substitution of the named plaintiff occurred after the case had been conditionally certified as a collective action and 432 employees had opted into the conditional class. *See Morangelli*, 922 F. Supp. 2d at 315.

The Court is aware of no authority for an FLSA case with a single named plaintiff and no opt-in plaintiffs to remain viable after that single named plaintiff withdraws his consent and abandons his claim. Indeed, the Illinois federal court's decision in *Smith* is to the contrary, and this Court finds the *Smith* opinion well-reasoned and persuasive.[2] As the Court in *Smith* noted, "Congress limited the collective action under the FLSA to those who actively sought to assert their federal rights, not those attorneys whose clients abandoned their suit before their rights could be fully vindicated." *Smith*, 2013 WL 1286674 at * 6 (internal quotations and citation omitted). "Once the FLSA claim in this case transitioned from a one-plaintiff claim to a no-plaintiff claim, neither Counsel nor any of the putative collective action members had any role to play in advancing it in its present form." *Id.*

The Court notes that the rights of Langston and other putative class members can be protected if any one or more of them files a new FLSA lawsuit. This Court

---

[2] In *Smith*, the named plaintiff wanted to pursue her FLSA claim, but did not want to proceed as the named plaintiff. Here, to the contrary, Scully does not want to proceed in any capacity with the FLSA claim against Premier.

expresses no opinion regarding the merits of any equitable tolling or relation back arguments that may be asserted in a new case.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court lost jurisdiction over this lawsuit no later than February 3, 2015, when Plaintiff Scully withdrew his consent for any FLSA claim against Premier.  As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 15] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** to Douglas Langston or any other putative class member filing a separate FLSA action as the named Plaintiff.  It is further

**ORDERED** that Premier's request for attorneys' fees pursuant to 28 U.S.C. § 1927 is **DENIED**.  It is further

**ORDERED** that Premier's Motion to Stay Proceedings Pending Ruling on the Court's Subject Matter Jurisdiction [Doc. # 24] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **3rd** day of **April, 2015**.

_____
Nancy F. Atlas
United States District Judge